IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00182-GPG

SUSAN RENEE ZEBELMAN VIGODA,

    Plaintiff(s),

v.

JANET LYNN ROSENDAHL-SWEENEY;
THE OFFICE OF ATTORNEY REGULATION COUNSEL;
KIM IKELER, prosecutor, in his individual and official capacities,
WILLIAM LUCERO, hearing master, in his individual and official capacities,
John and Jane Does 1-20,

    Defendant(s).

## REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANTS WILLIAM LUCERO AND KIM IKELER

Defendants the Honorable William Lucero and Kim Ikeler (collectively "Defendants") through undersigned counsel, hereby file this reply in support of their motion to dismiss. ECF No. 23. In support thereof, Defendants state as follows.

## STATEMENT OF THE CASE

Plaintiff Susan Renee Zebelman Vigoda was found to have engaged in the unauthorized practice of law based on her actions related to Defendant Janet Rosendahl-Sweeney's divorce proceedings. Presiding Disciplinary Judge William Lucero presided over the hearing to determine whether Plaintiff's actions constituted the unauthorized practice of law; Mr. Ikeler brought the case on OARC's behalf. Plaintiff brings five claims under state and federal law alleging malicious prosecution, outrageous conduct, breach of contract, violations of her Fifth and Fourteenth Amendment rights, and failure to intervene. ECF No. 6, p. 4-7.

On April 6, 2021, Defendants filed a motion to dismiss and argued Plaintiff's claims are barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, and absolute judicial and prosecutorial immunity. The motion also asserted that Plaintiff failed to state claims upon which relief can be granted. On July 5, 2021, after receiving extensions of time, Plaintiff filed Plaintiff's Response to Defendants' Motion to Dismiss and Motion to Stay ("Response"). ECF No. 43.

## ARGUMENT

**I.    Defendants are immune from suit.**

In their motion Defendants argued they are immune from suit under the Eleventh Amendment and the doctrines of absolute judicial and prosecutorial immunity. ECF No. 23, p. 4-7. Plaintiff's Response argues that immunity is not always guaranteed, citing *United States v. Classic*, 313 U.S. 299 (1941). While that statement is true as a general proposition, *Classic* did not consider any type of immunity. *Id.* at 307. Instead, the case concerned whether Louisiana elections commissioners — not congress members — could be charged with federal crimes stemming from the commissioners' acts of altering votes on ballots for a primary election to choose the Democratic nominee for a congressional seat. *Id.* at 307-08.

Plaintiff also argues that, because she never represented Ms. Rosendahl-Sweeney in her divorce, Judge Lucero presided over her unauthorized practice of law case "in the complete absence of jurisdiction." ECF No. 43, p. (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). But the Colorado Supreme Court specifically gave Judge Lucero, as the Presiding Disciplinary Judge, jurisdiction over the case. *See* ECF No. 23-2 (Order Referring Matter to PDJ, Nov. 22, 2017); *see also* C.R.C.P. 234(f) and 236(a). Plaintiff's argument goes towards the merits of the proceeding over which Judge Lucero presided, not his jurisdiction to hear the case. Because Judge Lucero had jurisdiction, and because all his alleged actions were taken in his judicial

capacity, *see* ECF No. 1, ¶¶ 1, 4, 5, 32, 112, 114,[1] he is entitled to absolute judicial immunity and the claims against him must be dismissed. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Higgs v. Dist. Court*, 713 P.2d 840, 850 (Colo. 1985).

Plaintiff does not specifically address Defendants' Eleventh Amendment argument or Mr. Ikeler's assertion of prosecutorial immunity. Therefore, the arguments are deemed admitted. *Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019); *Balmer Fund, Inc. v. City of Harper*, 294 F. Supp. 3d 1136, 1151 (D. Kan. 2018). Because the Eleventh Amendment bars the claims against Defendants, *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989), and because Mr. Ikeler is entitled to absolute prosecutorial immunity, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008), the claims against Defendants must be dismissed with prejudice.

## II. Plaintiff's requested relief is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine precludes lawsuits asking a federal court, effectively, to review and reverse unfavorable state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). *Rooker-Feldman* applies to state court decisions such as attorney discipline or unauthorized practice of law proceedings. *See, e.g.*, *Varallo v. Supreme Court of Colo.*, 176 F.3d 490, 1999 WL 140161, *1 (10th Cir. 1999) (table decision).

The Amended Complaint and Plaintiff's Response explicitly ask this Court to "exonerate" her and vacate the unauthorized practice of law finding. ECF No. 43, p. 2, 4. This request directly implicates *Rooker-Feldman*. *See Cowan v. Hunter*, 762 F. App'x 521, 523 (10th

---

[1] Plaintiff's Amended Complaint, ECF No. 6, failed to include the underlying facts that form the basis of her legal claims. Because Plaintiff's legal claims in ECF No. 6 are identical to those in ECF No. 1, this reply cites to the facts as alleged in ECF No. 1.

Cir. 2019); *Mothershed v. Oklahoma ex rel. Okla. Bar Ass'n*, 390 F. App'x 779, 780 (10th Cir. 2010); *Young v. Conejos Cnty. Bd. of Cnty. Comm'rs*, 64 F. App'x 724, 724-25 (10th Cir. 2003). For this reason, and because the Response failed to address the argument, *Rock Roofing*, 413 F. Supp. 3d at 1128; *Balmer Fund*, 294 F. Supp. 3d at 1151, this Court lacks subject matter jurisdiction over the Complaint, and it must be dismissed.

### III. Plaintiff fails to state claims upon which relief can be granted.

The Response does not address Defendants' substantive arguments as to why the Complaint fails to state claims upon which relief can be granted. Instead, Plaintiff states she has stated facts sufficient for this Court to exonerate her. ECF No. 43, p. 3-4. But this statement is entirely conclusory; Plaintiff does not point to any allegations in the Complaint itself that provide sufficient factual information to support her claims for relief. Absent factual allegations that can allow the Court to plausibly conclude Plaintiff is entitled to the relief she seeks, the claims must be dismissed. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Plaintiff also cites to the Register of Actions for Ms. Rosendahl-Sweeney's divorce proceeding, arguing the document shows she did not file pleadings on behalf of and did not formally represent Ms. Rosendahl-Sweeney and therefore could not have engaged in the unauthorized practice of law. ECF No. 43, p. 2, 4. Even assuming Plaintiff did not file pleadings or formally represent Ms. Rosendahl-Sweeney, those facts alone are insufficient to state claims for malicious prosecution, outrageous conduct, breach of contract, or equal protection, due process, or ADAAA violations. *See* ECF No. 23, p. 8-15. Moreover, Plaintiff was found to have engaged in the unauthorized practice of law not because she filed pleadings or entered a formal appearance but because she "exercised legal discretion on [Ms.] Rosendahl-Sweeney's behalf by drafting and preparing several court filings," and by advising Ms.

Rosendahl-Sweeny about her divorce. ECF No. 23-1, p. 15. Thus, whether Plaintiff personally filed anything is irrelevant.

Because, as explained in Defendants' motion to dismiss, the Complaint fails to state claims for relief, ECF 23, p. 8-15, and because Plaintiff's Response fails to provide substantive responses to the arguments presented in the motion to dismiss, *Rock Roofing*, 413 F. Supp. 3d at 1128; *Balmer Fund*, 294 F. Supp. 3d at 1151, the Complaint must be dismissed.

**CONCLUSION**

For the reasons stated herein and in Defendants' motion to dismiss, and pursuant to the cited authorities, Defendants Judge Lucero and Mr. Ikeler respectfully request this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 14th day of July 2021.

                                                  PHILIP J. WEISER
                                                  Attorney General

                                                  s/ *Lauren Davison*
                                                  LAUREN DAVISON*
                                                  Assistant Attorney General
                                                  AMY COLONY*
                                                  Senior Assistant Attorney General
                                                  Civil Litigation & Employment Section
                                                  1300 Broadway, 10th Floor
                                                  Denver, CO 80203
                                                  Telephone: (720) 508-6000
                                                  FAX: (720) 508-6032
                                                  E-Mail: lauren.davison@coag.gov
                                                                amy.colony@coag.gov

                                                *Attorney for Defendants*
                                                *Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANTS WILLIAM LUCERO AND KIM IKELER** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 14th day of July 2021, addressed as follows:

Susan R. Z. Vigoda, Pro Se
4985 Moorhead Ave., #3712
Boulder, CO 80305
Media911@gmail.com
suziqbopdubop@gmail.com

*s/La'Tasha Carter*
_____