IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00182-STV

SUSAN RENEE ZEBELMAN VIGODA,

    Plaintiff,

v.

JANET LYNN ROSENDAHL-SWEENEY,
THE OFFICE OF ATTORNEY REGULATION COUNSEL,
KIM IKELER,
WILLIAM LUCERO,

    Defendants.

---

## ORDER
---

Entered By Magistrate Judge Scott T. Varholak

This civil action is before the Court on Defendants Kim Ikeler and William Lucero's Motion to Dismiss [#23], Defendant Office of Attorney Regulation Counsel's (the "OARC") Motion to Dismiss [#64], and Plaintiff's Motion to Amend the Complaint [#58] ("the Motions"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##19, 28, 34, 35] This Court has carefully considered the Motions and related briefing, the entire case file, the applicable case law, and oral arguments by the parties [#71]. For the following reasons, Defendants Ikeler and Lucero's Motion to Dismiss [#23] and Defendant OARC's Motion to Dismiss [#64] are **GRANTED**, and Plaintiff's Motion to Amend the Complaint [#58] is **DENIED**.

I. **BACKGROUND**[1]

This action relates to a proceeding brought by the Colorado Office of Attorney Regulation Counsel ("OARC") against Plaintiff for the unauthorized practice of law. [*See generally* #1] Plaintiff received her paralegal certification in 1987 and worked as a paralegal for many years. [#1 at ¶ 100] In 2016, Plaintiff began working as a paralegal assisting Defendant Rosendahl-Sweeney and her then-husband, George Sweeney ("the Sweeneys"), in their divorce. [*Id*. at ¶¶ 21-22] An agreement was drawn up between the Sweeneys and Plaintiff regarding Plaintiff's provision of paralegal services. [*Id*. at ¶ 22]

---

[1] Plaintiff has filed an Amended Complaint in this matter. [#6] However, the Amended Complaint failed to include any of the facts underlying her claims, and thus would fail to plausibly state a claim. [*Id*.] Because Plaintiff's legal claims in the Amended Complaint are identical to those in the initial Complaint, the Court cites to facts as alleged in the initial Complaint. [#1] These facts must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)). The facts are also drawn from the related state court proceedings, of which the Court takes judicial notice. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). "This includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'" *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)). Moreover, the Complaint extensively references the related state court proceedings. [*See generally* #1]; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding a court "must consider the complaint in its entirety . . . [and] documents incorporated into the complaint by reference"). To the extent Plaintiffs' allegations contradict the documents from the state court, or are legal conclusions conveyed as fact, the Court does not accept these allegations as true. *See, e.g., Tilley v. Maier*, 495 F. App'x 925, 927 (10th Cir. 2012) ("[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." (alterations in original) (quotation omitted)); *Prissert v. EMCORE Corp.*, 894 F. Supp. 2d 1361, 1368 (D.N.M. 2012) ("[I]f the documents central to a plaintiff's claim contradict the allegations of the amended complaint, the documents control and [the] Court need not accept as true the allegations in the [] complaint." (second and third alterations in original) (quotation omitted)); *Pines v. EMC Mortg. Corp.*, No. 2:08-CV-137 TC, 2008 WL 2901644, at *3 (D. Utah July 22, 2008) ("The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts.").

The agreement expressly prohibited the use of Plaintiff's work on the Sweeney's divorce as "advice or judgment." [*Id*. at ¶ 107] Plaintiff alleges that she did not perform any legal work for the Sweeneys and "produced no work . . . as she was never provided direction from licensed counsel."[2] [*Id*. at ¶¶ 24, 29, 103, 107]

On October 11, 2017, Defendant Kim E. Ikeler filed a petition for injunction with the Colorado Supreme Court, alleging that Plaintiff engaged in the unauthorized practice of law during her 2016 relationship with the Sweeneys. [#23-1 at 1] The Colorado Supreme Court referred the matter to Defendant William R. Lucero, who served as the Presiding Disciplinary Judge and conducted a hearing on the matter. [*Id*.] At the conclusion of the hearing, Defendant Lucero issued a report determining that Plaintiff's actions related to the Sweeney's divorce amounted to the unauthorized practice of law. [#1 at ¶ 85; *id*. at 29-30 (Colorado Supreme Court order enjoining Plaintiff from engaging in the unauthorized practice of law); #23-1 (Report of Hearing Master Under C.R.C.P. 236(a), Case No. 17SA244)] Plaintiff filed an objection to the report, which she alleges was rejected because the Defendants failed to provide her with a transcript of the hearing before Defendant Lucero. [#1 at ¶¶ 5-7] On January 23, 2019, the Colorado Supreme Court issued an injunction against Plaintiff and imposed fines. [*Id*. at ¶ 85; *id*. at 29-30 (Colorado Supreme Court injunction)]

---

[2] The Complaint also alleges a number of facts related to the relationship between Plaintiff and Defendant Rosendahl-Sweeney that do not relate to the substance of the instant Motions. [*See e.g.* #1 at ¶¶ 33-65 (detailing an incident involving Defendant Rosendahl-Sweeney's children and her businesses)] Plaintiff further alleges that Defendant Rosendahl-Sweeney had a number of attorneys representing her at various times [*see id*. at ¶¶ 69-70, 80-82], that it was Defendant Rosendahl-Sweeney who prepared and presented the legal work attributed to Plaintiff [*id*. at ¶ 62], and that Defendant Rosendahl-Sweeney filed the complaint against Plaintiff which led to the OARC proceeding in retaliation for an October 2016 incident involving Defendant Rosendahl-Sweeney's son, Mark, and Plaintiff [*id*. at ¶ 71].

In the instant action, Plaintiff alleges that she was wrongfully found to have engaged in the unauthorized practice of law.  [#1 at ¶¶ 5,8, 75-76, 90]  Specifically, Plaintiff alleges that Defendant Rosendahl-Sweeney made false allegations against her in the underlying OARC proceeding and omitted important and exculpatory information.  [*Id*. at ¶¶ 10, 14, 19, 78, 79, 82, 90]  Plaintiff also asserts that, despite providing documentation of her disabilities to Defendants,[3] Defendants failed to provide Plaintiff disability accommodations, in violation of her rights under the Americans with Disabilities Act ("ADA"), and prevented her from defending herself in the OARC proceeding.  [*Id*. at ¶¶ 88, 108-12, 115, 117]  Finally, Plaintiff alleges that Defendants Lucero, Ikeler, and the OARC violated her rights by refusing to require properly subpoenaed witnesses to testify at the hearing[4] and refusing to acknowledge that the agreement between Plaintiff and Defendant Rosendahl-Sweeney stated that Plaintiff was not an attorney and did not provide legal advice.  [*Id*. at ¶¶ 8-9, 25, 32, 84, 89, 121]

Plaintiff, proceeding pro se, initiated this action on January 19, 2021.  [#1]  She asserts five claims for relief:  (1) Malicious Prosecution; (2) Outrageous Conduct; (3) Breach of Contract; (4) Violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments; and (5) Failure to Intervene.  [##1, 6]  Defendants Ikeler and Lucero filed their Motion to Dismiss on April 6, 2021.  [#23]  Plaintiff has responded [#43], and Defendants Ikeler and Lucero have replied [#47].  Plaintiff filed her Motion to Amend the Complaint on July 28, 2021.  [#58]  Defendants Ikeler and Lucero filed a response [#65]

---

[3] Plaintiff suffers from Treacher Collins Syndrome and other disabilities which affect her vision and hearing.  [*Id*. at ¶ 108]  These disabilities affect her ability to process legal documentation.  [*Id*. at ¶¶ 108, 110]

[4] Plaintiff asserts that subpoenas were served on Timothy Tipton, Jolein A. Harro, Mark Rosendahl Sweeney, Tracy Opp, and others, and that none of these individuals testified at the hearing.  [#1 at ¶¶ 121-122]

and Defendant Rosendahl-Sweeney filed a response [#68]. On August 16, 2021, Defendant OARC filed a Combined Motion to Dismiss and Response to Plaintiff's Motion to Amend the Complaint. [#64] The Court held a Motion Hearing on the Motions on October 19, 2021. [#71]

## II.   MOTIONS TO DISMISS

Defendants Ikeler and Lucero filed a motion to dismiss all of Plaintiff's claims against them [#23], as did the OARC [#64].

### A.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a

plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### B. Analysis

Defendants Lucero, Ikeler, and the OARC (the "State Defendants") seek to dismiss all of Plaintiffs' claims against them.[5] [#23] They argue that Plaintiffs' claims are barred by: (1) absolute judicial and prosecutorial immunity, (2) Eleventh Amendment sovereign immunity, and (3) the *Rooker-Feldman* doctrine. [*See generally* ##23, 64] Because the *Rooker-Feldman* doctrine "implicates [the Court's] subject matter jurisdiction," the Court addresses it "before turning to the merits of the case." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010).

### 1. *Rooker-Feldman* Legal Standard

"The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision."[6] *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted). "The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller*

---

[5] The Court understands the Complaint to be asserting Claims One, Two, Four, and Five against the State Defendants. It does not understand Claim Three to be asserted against the State Defendants, because that Claim only mentions Defendant Rosendahl-Sweeney, and the contract at issue, which is attached as an exhibit, references only Defendant Rosendahl-Sweeney. [*See* ##1 at ¶¶ 138-42; 1 at 35-36 ("Exhibit D"); 6 at 6] However, to the degree that Plaintiff intended to bring a claim for breach of contract against the State Defendants, the Court finds that Plaintiff has failed to state such claim because the Complaint fails to allege any contract between Plaintiff and any State Defendant. Accordingly, the Court **GRANTS** the State Defendants' Motions to Dismiss [##23, 64] as to Claim Three and that Claim is **DISMISSED**.

[6] "The *Rooker–Feldman* doctrine is derived from 28 U.S.C. § 1257(a), [which] provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments," *Suasnavas v. Stover*, 196 F. App'x 647, 652 n.3 (10th Cir. 2006) (internal quotation omitted), and gets its name from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012). The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Tenth Circuit has "concluded that 'the type of judicial action barred by *Rooker-Feldman* [] consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.'" *Jensen*, 603 F.3d at 1193 (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)). "*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment." *Id.* (quoting *Bolden*, 441 F.3d at 1145). Tenth Circuit jurisprudence has emphasized the relief sought by the plaintiffs. *See id.* The court has applied the *Rooker-Feldman* doctrine where the relief sought required the federal court to review and reject the state court judgment. *See id.* (citing *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007)). On the other hand, the court has refused to apply the doctrine when the federal suit would not reverse or otherwise undo the state court judgment. *See id.* (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1238 (10th Cir. 2006)).

The *Rooker-Feldman* doctrine has been applied to state court decisions involving attorney discipline and the unauthorized practice of law. *See Varallo v. Supreme Court of Colo.*, 176 F.3d 490, 1999 WL 140161, at *1-2 (10th Cir. 1999) (table decision); *In re*

*Maynard Civil Rights Litigation*, 09-cv-02052-JLK-MEH, 2011 WL 8407037, at *27 (D. Colo. July 18 2011).  The Tenth Circuit has upheld dismissals under *Rooker-Feldman* of actions challenging the process leading to a disciplinary decision and seeking injunctive relief from such decisions.  *Ziankovich v. Members of the Colo. Supreme Court*, No. 20-1314, 2021 WL 4047000, at *3 (10th Cir. Aug. 10, 2021) (citing *Kline v. Biles*, 861 F.3d 1177, 1180-82 (10th Cir. 2017) (per curiam)).  "Thus, the exclusive avenue for federal-court review of a state disciplinary decision is a petition to the United States Supreme Court." *Id.* at *3.

The doctrine also applies to claims "inextricably intertwined with" the underlying state court judgment.  *Mothershed v. Okla. ex rel. Okla. Bar Ass'n*, 390 F. App'x 779, 780 (10th Cir. 2010).  "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Varallo*, 1999 WL 140161, at *1 (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).  "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id*.

Finally, "[t]he *Rooker-Feldman* doctrine is properly applied on a claim-by-claim basis, even though it is jurisdictional in nature."  *Isaacs v. DBI-ASG Coinvestor Fund, III, LLC (In re Isaacs)*, 895 F.3d 904, 912 (6th Cir. 2018); *see also Flanders v. Lawrence (In re Flanders)*, 657 F. App'x 808, 814 (10th Cir. 2016) (stating that the court "independently consider[s] each claim against the backdrop of the *Rooker–Feldman* doctrine").

### 2. Claim One: Malicious Prosecution

Claim One asserts that the state disciplinary proceedings against Plaintiff were based on false information and that the action was brought with malice and without

9

probable cause. [#1 at ¶¶ 128-132] It further asserts that the charges and evidence were falsified, that witness testimony was not given, and that critical evaluation of the evidence did not take place. [*Id*. at ¶ 131]

Under Colorado law, one of the elements of a malicious prosecution claim is that the prior action ended in the plaintiff's favor. *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004). Here, the presiding disciplinary judge, Defendant Lucero, ruled against Plaintiff and found that she engaged in the unauthorized practice of law. [#23-1] The Colorado Supreme Court affirmed that finding and issued an injunction against Plaintiff. [#1 at 29] Plaintiff, accordingly, cannot prevail on her malicious prosecution claim unless this Court concludes that the decision in the OARC proceeding, and subsequent Colorado Supreme Court order, was erroneous. Thus, this Court lacks jurisdiction over the malicious prosecution claim under the *Rooker-Feldman* doctrine because this claim is inextricably intertwined with the state court judgement. *See Jensen*, 603 F. 3d at 1194 (finding malicious prosecution claims barred by *Rooker-Feldman* where claims in state court resulted in adverse judgments for plaintiffs); *Calvert v. Safranek*, No. 05-cv-01713-REB-PAC, 2005 WL 8172099, at *5 (D. Colo. Dec. 19, 2005) (collecting cases), *aff'd*, 209 F. App'x 816 (10th Cir. 2006).

Accordingly, the State Defendants' Motions [##23, 64] are GRANTED as to Claim One and it is DISMISSED without prejudice. *See Lambeth v. Miller*, 363 F. App'x 565, 566, 569 (10th Cir. 2010) (finding that dismissal for lack of subject matter jurisdiction on basis of *Rooker–Feldman* doctrine must be "without prejudice"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here,

the dismissal must be without prejudice."). The Court also DISMISSES without prejudice Claim One as to Defendant Rosendahl-Sweeney. Although Defendant Rosendahl-Sweeney has not filed a motion to dismiss, "[a] federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). As with her malicious prosecution claim against the State Defendants, Plaintiff's malicious prosecution claim against Defendant Rosendahl-Sweeney requests that this Court determine that the state court erred in its determination and, accordingly, is also barred by the *Rooker-Feldman* doctrine. *See Jensen*, 603 F. 3d at 1194; *Calvert*, 2005 WL 8172099, at *5; *see also Hall v. Martin*, 191 F. R. D. 617, 623 (D. Kan. Jan. 19, 2000) ("Plaintiff's federal claim for malicious prosecution may succeed only to the extent that the state court wrongly decided the issue before it.").

### 3. Claim Two: Outrageous Conduct

Plaintiff additionally alleges that Defendants' conduct in the state court proceedings "constitute[s] outrageous conduct" and that the "prosecutions against the plaintiff were handled recklessly and with intent to cause the plaintiff harm and severe emotional distress." [#6 at 6] Yet again, Plaintiffs' allegations require a "review of the proceedings already conducted by the [state] tribunal to determine whether it reached its result in accordance with the law."[7] *Jensen*, 603 F.3d at 1193 (quotation omitted). Such a review is prohibited by the *Rooker-Feldman* doctrine. *Id*.; *see also Farris v. Burton*, 686

---

[7] The Court notes that Plaintiff's allegations against the State Defendants refer exclusively to conduct that took place during the OARC disciplinary proceedings. [*See generally* ##1, 6]

11

F. App'x 590, 592 (10th Cir. 2017) (applying *Rooker-Feldman* where the plaintiff's claims would require "a federal court . . . to review the [ ] state court proceedings to determine if the decision . . . was reached as a result of fraud or from a proper assessment of the claims"); *Lyons v. Kyner*, No. 09-2045-JWL-DJW, 2009 WL 10690906, at *4 (D. Kan. Oct. 9, 2009) (dismissing plaintiff's claims as barred by *Rooker-Feldman* where plaintiff asked the court to "overturn" the "illegal orders" of the state court judgment and to "overturn" the state court judgment against him due to purportedly "wrongful procedures" in the state proceedings), *aff'd*, 367 F. App'x 878 (10th Cir. 2010).  Accordingly, Defendants' Motions [##23, 64] are GRANTED as to Claim Two and this Claim is DISMISSED without prejudice as to the State Defendants.  *Lambeth*, 363 F. App'x at 566, 569; *Brereton*, 434 F.3d at 1216.

### 4.  Claims Four and Five: Section 1983 and Failure to Intervene

Finally, Claim Four alleges that Defendants violated her rights under the Fifth and Fourteenth Amendments to the United States Constitution, and, construed liberally, potentially under the Americans with Disabilities Act ("ADA"). [#6 at 7]  Claim Five alleges that "one or more members of the Attorney Regulation Counsel willingly, knowingly, and with malicious intent stood by without intervening to prevent the violation of the plaintiffs rights" and, specifically, her right to disability accommodations.  [*Id*. at 7-8]

Initially, allegations regarding a state court's refusal to make ADA accommodations or grant a continuance are barred in federal court under *Rooker-Feldman* because they "constitute[] a de facto appeal, over which this Court has no jurisdiction." *Doe v. Cnty. of San Mateo*, Nos. C 08-02451 SI, C 07-05596 SI, 2008 WL 5245889, at *4 (N.D. Cal. Dec. 17, 2008); *see also Charnock v. Virginia*, No. 2:16CV493, 2017 WL 5574987, at *4 (E.D.

Va. Jan. 5, 2017) (granting motion to dismiss on *Rooker-Feldman* grounds where plaintiff's complaint was "based upon his disagreements with adverse rulings" in state court, including claims that state judges wrongly denied his requests for ADA accommodations), *aff'd sub nom., Charnock v. Commonwealth*, 698 F. App'x 158 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1575 (2018); *Mestman v. Escandon*, No. 14-3880 (FLW), 2014 WL 11398143, at *1 (D.N.J. June 26, 2014) (dismissing plaintiff's complaint under *Rooker-Feldman* where plaintiff alleged that a state judge refused to give plaintiff the proper ADA accommodation during state court proceedings), *aff'd*, 613 F. App'x 202 (3d Cir. 2015); *Keckeissen v. Commonwealth of Pa.*, No. CIV.A. 05-4290, 2005 WL 3508624, at *2-3 (E.D. Pa. Dec. 22, 2005) (finding plaintiff's claims were barred by *Rooker-Feldman*, where plaintiff sought relief based in part on the state court's refusal to grant a continuance under the ADA, because "[a]ny injunctive or monetary relief awarded to plaintiff would require the Court to first reach the conclusion that the state court judge wrongly denied plaintiff's request for a continuance").

Moreover, Plaintiff's own allegations underscore that she seeks review and reversal of the state court proceedings. [*See, e.g.*, #6 at 9 (seeking relief in the form of "[t]he vacation of OARC charges against [Plaintiff]"); #1 at ¶ 4 ("[Plaintiff] was wrongfully accused and convicted of the unlawful practice of law."); *id*. at ¶ 8 ("[the OARC] failed to hold fair hearings in observance of ADA/ADAAA [sic] provisions and by failing to insist that [Defendant Rosendahl-Sweeney's] many attorneys and other witnesses appear before the Hearing Master" and therefore "violated Plaintiff's Constitutional and [statutory rights]" (emphasis omitted)); *id*. at ¶ 9 ("OARC failed to honor its own issued subpoenas"), *id*. at ¶12 ("the determinations by OARC, with no valid or true findings of facts, or

13

conclusions of law, as no witness testimony was allowed by OARC."); *id*. at ¶ 18 ("The Plaintiff avers that the OARC proceedings in the above-captioned matter were shams."); *id*. at ¶ 32 ("[Plaintiff] submits that [Defendant] Ikeler's and the Hearing Master's non-acknowledgment of the provisions of the Agreement, and their violations of the ADA/ADAAA and other rule of law are egregious and malicious."); *id*. at ¶ 88 ("Plaintiff avers that [Defendant] Ikeler of OARC knew of the Plaintiff's disability, but did not provide adequate or even reasonable ADA/ADAAA accommodations, nor was he after the truth.")]

Both the review requested and the relief sought by Plaintiff would require a "review of the proceedings already conducted by the [state] tribunal to determine whether it reached its result in accordance with the law." *Jensen*, 603 F.3d at 1193 (quotation omitted). Such a review is prohibited by the *Rooker-Feldman* doctrine. *Id*.; *see also Farris*, 686 F. App'x at 592. Accordingly, Defendants' Motions [##23, 64] are GRANTED as to Claims Four and Five and these claims are DISMISSED without prejudice. *Lambeth*, 363 F. App'x at 566, 569; *Brereton*, 434 F.3d at 1216.[8]

### 5. Remaining Claims

Having dismissed all claims against the State Defendants, the Court briefly considers the remaining claims against Defendant Rosendahl-Sweeney. This Court has previously dismissed Claim One for Malicious Prosecution against Defendant Rosendahl-Sweeney on subject matter jurisdiction grounds. *See supra*, Section II.B.2. Accordingly, all that remains alleged against Defendant Rosendahl-Sweeney are state law claims: Claim Two, for Outrageous Conduct, and Claim Three, for Breach of Contract.[9] [*See* ##1,

---

[8] Because the Court dismisses the claims against the State Defendants on subject matter jurisdiction grounds, it does not reach Defendants' other arguments.
[9] It does not appear to the Court that Claims Four and Five are asserted against Defendant Rosendahl-Sweeney. Specifically, Claim Four alleges constitutional and

14

6]  Moreover, although the Complaint purports to bring this action pursuant to diversity jurisdiction [*see* #1 at ¶ 96 ("This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332")], both Plaintiff and Defendant Rosendahl-Sweeney are citizens of Colorado [*see* #1 at 92-93, 96].  Accordingly, there is no diversity jurisdiction over this matter.  28 U.S.C. § 1332 (stating federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (stating that diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant")

Thus, in light of the dismissal of Plaintiff's federal claims and the lack of diversity jurisdiction, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiff's remaining state law claims and Defendant Rosendahl-Sweeney's state law counterclaims.[10]  *See Ott v. Chacha in Art LLC*, 506 F. Supp. 3d 1133, 1145 (D. Colo. 2020) (declining to exercise supplemental jurisdiction over state law counterclaims after all federal claims have been dismissed); *Dixon v. Sullivan*, 28 F. App'x 810, 813 (10th Cir. 2001) (unpublished) (ruling that a district court has discretion to decline to exercise supplemental jurisdiction over state law claims after dismissing the plaintiff's federal claims); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all

---

statutory violations under Section 1983 regarding the initiation of court proceedings against Plaintiff without providing ADA accommodations—actions which Plaintiff alleges elsewhere were done by the State Defendants, but not Defendant Rosendahl-Sweeney. [*See generally* #1; #6 at 7]  Likewise, Plaintiff's Claim Five for failure to intervene refers only to "members of the Attorney Regulation Counsel." [#6 at 7-8]

[10] Defendant Rosendahl-Sweeney has brought counter claims against Plaintiff for malicious prosecution, perjury, libel, abuse of process, breach of contract, and contempt of court.  [#16 at 7]

federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## III. MOTION TO AMEND THE COMPLAINT

Finally, the Court turns to Plaintiff's Motion to Amend the Complaint, in which she seeks to add additional facts and defendants. [*See* #58]

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### B. Analysis

Plaintiff's proposed amended complaint seeks to add ten new defendants, all of whom are employees of the OARC or the Colorado Supreme Court. [#58-1] It does not seek to add new claims against any of the current Defendants; however, it does include a number of new factual allegations relating to the Defendants currently in this action. [*Id*.] For example, the amended complaint adds additional facts related to the hearing before the Presiding Disciplinary Judge, Plaintiff's efforts to appeal the decision of the

16

Presiding Disciplinary Judge, and explanation for why that appeal was unsuccessful. [*See* #58-1 at ¶¶ 15-29, 35-41, 50-53]  It also provides additional facts regarding ADA accommodations Plaintiff believes she was owed during the hearing, and facts about Plaintiff's relationship with Defendant Rosendahl-Sweeney.  [*Id.* at ¶¶ 81-99, 218-224] Defendants request that Plaintiff's Motion to Amend be denied because: (1) Plaintiff knew the newly alleged facts and defendants at the time she filed her initial complaint, and (2) Plaintiff's amendments are futile.  [See generally ##65; 64 at 8-9; 68]

Typically, the Court finds that futility arguments raised in response to motions to amend are better and more efficiently addressed through a revised motion to dismiss after the plaintiff's amended complaint has been entered.  *See Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *Gen. Steel Domestic Sales, LLC v. Steelwise*, LLC, No. 07cv01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that defendant's futility argument seems to place the cart before the horse).  However, the Court finds that, in this instance, the Proposed Third Amended Complaint does not cure the deficiencies identified in this Order.  In particular, although the proposed complaint alleges additional facts and defendants, it does not alter the fundamental nature of Plaintiff's claims and therefore does not cure the jurisdictional defects which strip this Court of subject matter jurisdiction.  [*See* #58-1 at 2 ("The crux of [this suit] is not only that Plaintiff [is] innocent, OARC had no jurisdiction [over the disciplinary proceeding and Plaintiff] whatsoever.")]; *see also Lind v. Aetna Health*, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (finding that a proposed amendment is futile if the new claims or defenses would be subject to dismissal).

Indeed, the Proposed Third Amended Complaint asks the Court to make exactly the same assessment as the operative complaint—that, as a result of actions by members of the OARC, the Supreme Court, and Defendant Rosendahl-Sweeney, Plaintiff's "conviction" for the unauthorized practice of law was in error. The Court can neither undertake such a review, nor provide the relief requested by Plaintiff, without running afoul of the *Rooker-Feldman* doctrine. *Jensen*, 603 F.3d at 1193 (stating that a "review of the proceedings already conducted by the [state] tribunal to determine whether it reached its result in accordance with the law" violates the *Rooker-Feldman* doctrine). The Court thus finds that the amendments in the Proposed Third Amended Complaint would be futile, as this Court would still lack subject matter jurisdiction over a majority of Plaintiff's claims.

Accordingly, Plaintiff's Motion to Amend [#58] is DENIED without prejudice. *See Tso v. Murray*, 760 F. App'x 564, 569 (10th Cir. 2019) (affirming trial court's denial of plaintiff's motion to amend the complaint, after dismissing complaint on *Rooker-Feldman* grounds); *Richardson v. Title IV-D Agency, Colorado*, No. 19-cv-01984-RM-NRN, 2020 WL 1695545, at *5 (D. Colo. Jan. 16, 2020) (recommending denial of Plaintiff's motion to amend the complaint where amended complaint did not cure *Rooker-Feldman* deficiencies), *recommendation adopted*, 2020 WL 948711, *aff'd*, 842 F. App'x 190 (10th Cir. 2021).

## IV.   CONCLUSION

For the foregoing reasons, Defendants Ikeler and Lucero's Motion to Dismiss [#23] and Defendant OARC's Motion to Dismiss [#64] are **GRANTED**, and Plaintiff's Motion to Amend the Complaint [#58] is **DENIED.** The Court declines to exercise supplemental

jurisdiction over the remaining claims. Thus, this matter is dismissed and the Clerk of Court shall close this case.

DATED: February 11, 2022				BY THE COURT:

						s/Scott T. Varholak_____
						United States Magistrate Judge

Case 1:21-cv-00182-STV   Document 82   Filed 02/11/22   USDC Colorado   Page 19 of 19